# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **WILLIAM AND TINA BAILEY** | ) |
| | ) **CASE NO.** |
| **PLAINTIFFS,** | ) |
| | ) **NOTICE OF REMOVAL OF** |
| **V.** | ) **CIVIL ACTION TO UNITED** |
| | ) **STATES DISTRICT COURT** |
| **ONEWEST BANK, FSB** | ) **PURSUANT TO 28 U.S.C. § 1331** |
| | ) **(FEDERAL QUESTION)** |
| **DEFENDANT.** | ) |

## NOTICE OF REMOVAL

COMES NOW Defendant CIT Bank, N.A., formerly known as OneWest Bank N.A., formerly known as OneWest Bank, FSB, (hereinafter "CIT") and hereby removes this action from the Circuit Court of Calhoun County, Alabama, pursuant to 28 U.S.C. §§ 1331 and 1441 and states as follows:

### I.    NATURE OF THE ACTION

1.    On April 2, 2013, Plaintiffs filed the action entitled *William and Tina Bailey v. OneWest Bank, FSB,* Case No. CV-2013-900187 ("the Complaint") in the Circuit Court of Calhoun County, Alabama.

2.    Plaintiffs' Complaint set forth no specific cause of action but asked the court to enter an order enjoining CIT from foreclosure activity.[1] On August 1,

---

[1] The original Complaint did not provide a basis to remove the action as there were no federal causes of action nor was there an amount in controversy that could satisfy removal.

1

2013, the Circuit Court entered a Preliminary Injunction Order, enjoining CIT from moving forward with the foreclosure of the Plaintiffs' mortgaged property.

3. On July 22, 2015, Plaintiffs filed a Motion for Leave to Amend their Complaint. This motion was granted on July 23, 2015, and Plaintiffs filed their Amended Complaint on July 23, 2015.

4. True and correct copies of Complaint and Amended Complaint are attached hereto as Exhibits "A" and "B," respectively.

5. Plaintiffs' Amended Complaint alleges multiple claims against CIT based on alleged violations of certain federal statutes and regulations. Specifically, Plaintiffs allege that CIT has violated the Truth in Lending Act ("TILA"), 15 USC § 1601 et seq., and the Fair Credit Reporting Act ("FCRA"), 15 USC § 1681 (*See* Plaintiffs' Complaint at Counts V and VI).

## II. FEDERAL QUESTION JURISDICTION

6. "A civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law." *Beneficial Nat'l Bank V. Anderson*, 539 U.S. 1, 6 (2003). Thus, a case is removable when a complaint affirmatively alleges a federal claim. *Id.*

7. Removal of this action is proper under 28 U.S.C. §§ 1331 and 1441(c) because Plaintiffs' claims explicitly seek relief under the federal questions raised by TILA and FCRA. (*See* Plaintiffs' Amended Complaint at Counts V and VI);

*Boone v. JP Morgan Chase Bank*, 447 F. App'x 961, 963 (11th Cir. 2011) (removal "based on the alleged violations of federal statutes including TILA, RESPA, and FDCPA" was proper); *Arianas v. LVNV Funding, LLC*, 2014 WL 5388167, at *1 (M.D. Fla. July 10, 2014) ("Plaintiff pleaded a federal question under the FCRA, over which federal courts have original jurisdiction, and Plaintiff's Complaint was therefore properly removed.").

8. Federal jurisdiction is warranted because Plaintiffs' claims "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312-13 (2005).

9. Plaintiffs have also alleged certain state-law based tort and contract claims arising out of the same facts and circumstances of Plaintiffs' federal question claims. This Court has supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367.

III. **TIMELINESS AND TECHNICAL REQUIREMENTS OF REMOVAL**

10. The United States District Court for the Northern District of Alabama, Eastern Division, is the federal judicial district and division embracing the Circuit Court of Calhoun County, Alabama, where this suit was originally filed. Removal

to this District and Division is therefore proper pursuant to 28 U.S.C. § 81(a)(4) and § 1441(a).

11.     Pursuant to 28 U.S.C. § 1446(b) "if a case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id*.

12.     The Circuit Court's file reflects that Plaintiffs' Amended Complaint, which first made this case removable, was filed on July 23, 2015.  Thus, this removal is timely under 28 U.S.C. § 1446(b) in that removal is sought within 30 days after Plaintiffs filed their Amended Complaint.[2]

13.     Written notice of the filing of this Notice of Removal has been or will be given to the Plaintiff as required by law and a copy is concurrently being filed the Clerk of the Circuit Court of Calhoun County, Alabama, in accordance with the provisions of 28 U.S.C. § 1446(d).

14.     Pursuant to and in compliance with 28 U.S.C. § 1446(a), CIT attaches hereto as "Exhibit C" all of the required documents, including all pleadings, filings, and orders in the state court action.

---

[2] Plaintiffs' original Complaint did not set forth a basis of removal. There were no federal causes of action enumerated, nor was there an amount in controversy sufficient to justify diversity jurisdiction. The original Complaint sought nothing more than an injunction against CIT to prevent foreclosure proceedings in order for Plaintiffs to work out an issue with an earlier loan modification. The case did not become removable until the filing of the Amended Complaint.

15. The proper filing fee has been tendered to the Clerk of the United States District Court for the Northern District of Alabama.

Respectfully submitted,

/s/ B. Ashten Kimbrough Seay
Shaun K. Ramey (ASB-6667-U73R)
R. Ryan Daugherty (ASB-1653-B34D)
B. Ashten Kimbrough Seay (ASB-1601-S25Z)
Attorneys for Defendant

**OF COUNSEL:**
**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
P.O. Box 55727
Birmingham AL  35255-5727
Tel:   (205) 930-5100
Fax:   (205) 930-5101
sramey@sirote.com
rdaugherty@sirote.com
aseay@sirote.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of August, 2015, I filed the foregoing with the Clerk of the Court and I further certify that I served a copy of the foregoing upon all attorneys or parties of record in the above-styled cause by placing a copy of the same, properly addressed and postage prepaid, in the United States Mail.

Adam Maniscalco
Enzor & Maniscalco, LLP
P.O. Box 3603
Oxford, AL 36203

/s/ B. Ashten Kimbrough Seay
Of Counsel